UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61443-CIV-DIMITROULEAS

JULIA YONAN,

    Plaintiff,
v.

WALMART, INC. and NESTLE USA, INC.,

    Defendant.
_____/

## ORDER TO SHOW CAUSE

THIS CAUSE is before the Court *sua sponte*.

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). District courts have an obligation to inquire into subject matter jurisdiction whenever the possibility that jurisdiction does not exist arises, *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995), and must dismiss an action where it appears that the court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Under §1332(a), federal district courts have original jurisdiction over civil actions between citizens of different states and where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a). Federal courts also have jurisdiction over certain class actions when the parties are sufficiently diverse and the case has an amount in controversy of more than $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

In order to meet the diversity requirement under 28 U.S.C. § 1332(d), the parties must fall under one of three possible scenarios:

> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C.A. § 1332(d)(2).

Plaintiff has not alleged facts which demonstrate that this Court has jurisdiction. In only bringing a state law claim, Plaintiff would necessarily be invoking the Court's diversity jurisdiction; however, Plaintiff does not allege that the parties are adequately diverse nor that there is a sufficient amount in controversy.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant shall have up to and including **July 28, 2021**, to respond to this Order to Show Cause, demonstrating that there is adequate diversity of citizenship and a sufficient amount in controversy. Plaintiff's failure to respond to this Order will result in this case being dismissed without prejudice for lack of subject matter jurisdiction.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 21st day of July, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record